# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 13-20081-CM |
| ARRICK WARREN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Defendant Arrick Warren has a pending § 2255 motion. After the government filed its response brief, defendant filed a Motion for Discovery (Doc. 112) and requested an extension of time to reply to his § 2255 motion. The court granted defendant's motion for extension of time until after the court ruled on defendant's motion for discovery. The court is now prepared to rule on the discovery issue.

Defendant claims in his § 2255 motion that defense counsel did not inform him of the possibility of several sentencing enhancements and drug quantity calculation issues before defendant entered a plea of guilty (without a plea agreement). Specifically, defendant claims that defense counsel, Dionne Scherff, failed to explain that (1) seized currency could be converted to crack cocaine to determine defendant's base offense level; (2) powder cocaine could be converted to crack cocaine to determine his base offense level; (3) defendant could receive a firearm enhancement; and (4) defendant could receive an enhancement for maintaining a premises for the purpose of manufacturing or distributing a controlled substance. Defendant claims that individually, each of these facts would have been significant enough to him to cause him to go to trial instead of pleading guilty. Alternatively, defendant claims that cumulatively, counsel's failure to explain the possible outcomes at sentencing

was ineffective assistance. In support of his claims, defendant submitted an affidavit stating that he would not have pleaded guilty had he received the alleged effective assistance.

The government responded, arguing alternatively that (1) the record conclusively shows that defendant is not entitled to relief despite defendant's new claims in his affidavit; or (2) the affidavit of Ms. Scherff shows that she did, in fact, fully advise defendant of the possible sentencing outcomes. In her affidavit, Ms. Scherff refers to a number of letters between counsel and defendant, as well as meetings. Defendant now seeks discovery of the letters and notes from the meetings.

Under Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." This does not mean, however, that discovery is required in a habeas case. Here, defendant is not entitled to discovery of the letters and notes for two reasons. First, the government represents that it does not have possession of, custody of, or control over the documents. They are not the government's documents to turn over. And second, under one of the government's theories, discovery of the documents is unnecessary for resolution of defendant's § 2255 motion. If the content of the documents becomes relevant, it will only be because the court determines that an evidentiary hearing is warranted to resolve the § 2255 motion. If the court orders an evidentiary hearing, the court will appoint counsel for defendant, and counsel may evaluate whether and how to obtain access to the documents defendant seeks before the hearing.

-3-

**IT IS THEREFORE ORDERED** that defendant's Motion for Discovery (Doc. 112) is denied. Defendant's deadline to file a reply brief to his pending § 2255 motion is thirty days from the date of this order.

Dated this 13th day of August, 2018, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**