# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ARRICK WARREN, )<br>)<br>Defendant. )<br>_____) | Case No. 13-20081-CM |

## MEMORANDUM AND ORDER

This case is before the court on defendant Arrick Warren's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 103). Defendant claims in his § 2255 motion that defense counsel did not inform him of the possibility of several sentencing enhancements and drug quantity calculation issues before he entered a plea of guilty (without a plea agreement). Specifically, defendant claims that defense counsel, Dionne Scherff, failed to explain that (1) seized currency could be converted to crack cocaine to determine defendant's base offense level; (2) powder cocaine could be converted to crack cocaine to determine his base offense level; (3) defendant could receive a firearm enhancement; and (4) defendant could receive an enhancement for maintaining a premises for the purpose of manufacturing or distributing a controlled substance. Defendant claims that each of these facts individually would have been significant enough to him to cause him to go to trial instead of pleading guilty. Alternatively, defendant claims that cumulatively, counsel's failure to explain the possible outcomes at sentencing was ineffective assistance. In support of his claims, defendant submitted an affidavit stating that he would not have pleaded guilty had he received the alleged effective assistance.

-1-

The government responded, arguing alternatively that (1) the record conclusively shows that defendant is not entitled to relief despite defendant's new claims in his affidavit; or (2) the affidavit of Ms. Scherff shows that she did, in fact, fully advise defendant of the possible sentencing outcomes. In her affidavit, Ms. Scherff refers to a number of letters between counsel and defendant, as well as meetings.

**I.     Background**

Defendant was charged in a Second Superseding Indictment with (1) two counts of distribution of cocaine base; (2) one count of possession with intent to distribute cocaine base; and (3) one count of maintaining a drug-involved premises—all within 1000 feet of a playground. On January 24, 2014, defendant pleaded guilty to all charges without a plea agreement. The court inquired into many aspects of the plea, including its voluntariness, defendant's knowledge of the consequences, and the discretion involved in sentencing, among other things. Once the court was satisfied that the guilty plea was made knowingly and voluntarily with defendant's full comprehension of the charges and consequences, it accepted the guilty plea and ordered the United States Probation Office to prepare a Presentence Investigation Report ("PSR").

The PSR calculated defendant's total offense level to be thirty-five, which, coupled with his criminal history category of III, led to an initial sentencing range of 210 to 262 months in prison. This range was subsequently lovered to 168 to 210 months. Defendant objected to several portions of the PSR: (1) the conversion of powder cocaine to cocaine base ("crack"); (2) the conversion of U.S. currency to crack; and (3) the application of a two-level enhancement for a gun. Both parties filed sentencing memoranda on these issues, and the court conducted a sentencing hearing over the course of four days.

On November 19, 2014, the court sentenced defendant to 180 months in prison with six years of supervised release. Defendant appealed, and Ms. Scherff continued to represent defendant on appeal. The Tenth Circuit ultimately affirmed. Defendant then filed the instant motion pro se.

**II.     Legal Standard**

Title 28 U.S.C. § 2255 allows "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." Not every asserted error of law can be raised in a § 2255 motion. *Davis v. United States*, 417 U.S. 333, 346 (1974). The appropriate inquiry is whether the claimed error of law was a "fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962) (quotation marks omitted)). The court also looks at whether the motion presents exceptional circumstances, where the need for the remedy is apparent. *See id.*

The court must hold an evidentiary hearing unless the motion, files, and records conclusively show that the prisoner is not entitled to relief. *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995). Defendant bears the burden of alleging facts which, if proven, would entitle him to relief. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995). The allegations must be specific and particularized, not general or conclusory. *Id.* The court is not required to fashion defendant's arguments for him where his allegations are merely conclusory in nature and lack supporting factual allegations. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

## III. Analysis

Defendant claims that he received ineffective assistance of cousel because Ms. Scherff failed to explain to him the how the federal sentencing guidelines would impact his case—which rendered his plea involuntary.

To prove ineffective assistance of counsel, defendant must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced defendant. *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). The court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case. *Id.* Judicial scrutiny of counsel's performance is highly deferential. *Id.* In addition, counsel's performance must have been completely unreasonable—not merely wrong. *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).

Defendant's new allegations regarding pre-plea conversations with counsel directly contradict information provided in previous proceedings. In defendant's plea petition, defendant acknowledged under oath, inter alia, that (1) he could receive up to sixty years in prison; (2) his attorney discussed with him how the sentencing guidelines might apply; (3) the court could take into account all relevant criminal conduct; and (4) he was satisfied with his counsel's advice and help. (Doc. 59.) These statements directly controvert defendant's more recent allegations that his attorney did not explain how the sentencing guidelines could work in his case.

And at his change of plea hearing, defendant made oral representations under oath that contradict his now-presented allegations. Defendant acknowledged he could receive a sentence of up to sixty years in prison. Defendant affirmed that he and Ms. Scherff had "discussed how the sentencing commission guidelines might apply to" his case. (Doc. 91, at 12.) He further stated he understood "that the court will not be able to determine the guideline sentence applicable to your case

until after a presentence investigation report has been completed, and you and the government have had an opportunity to challenge the facts reported by the probation officer." (*Id.* at 12–13.)

In addition to the above, the following statement made by Ms. Scherff shows that defendant understood that his guideline range would depend on the determination of his "relevant conduct"—including the issues of currency conversion and a potential firearms enhancement:

> Your Honor, if I could maybe clarify a few things. Umm, I received an e-mail from Miss Tomasic yesterday with a plea agreement which did have this factual basis, and Mr. Warren, because the plea agreement would require us also to plead to Counts 1 through 4, has elected in order to preserve all of his appeal rights and everything, to plead without a plea agreement to Counts 1 through 4. There are issues that, as the factual basis indicates, we reserve the right to dispute at the time of sentencing which will be in the area of relevant conduct, specifically regarding the firearm that is discussed in Paragraph Six—or C, excuse me, of the factual basis. Further, there is a mention that there was a photograph recovered of Arrick Warren holding a large stack of currency appearing to have a firearm in his waist-band. That is not Arrick Warren, that is his sibling, and we will certainly be able to establish that. So, regarding specifically the gun and the conversion of currency to drug quantities would be issues that— sentencing issues the Mr. Warren will want to address at the time of sentencing, depending on how the presentence report is prepared.

(*Id.* at 23–24.)

The court later inquired of defendant, "And that's when you spoke to Miss Scherff, and Miss Scherff has told me that you're actually going to challenge some of this stuff or some of the information in the factual basis, and she made specific references to the firearms as well as this photograph. Is that your position as well?" (*Id.* at 26.) Defendant responded, "Yes, sir, Your Honor." (*Id.*)

The court then stated:

> Now, for purposes of our plea, that's noted for the record. Where that may become important for you is at your sentencing where you'll be allowed to make your arguments, present any evidence. Government as well. And then after the court receives the evidence and arguments, then the court's

> going to decide maybe something regarding that which might affect your sentence.

(*Id*. at 26–27.) Defendant replied, "Yes, sir." (*Id*. at 27.)

The court next stated, "That there might be a firearm enhancement or things of that nature. Do you understand that?" (*Id*.) Defendant responded, "Yes, sir, Your Honor."

The court then stated, "Today I can't tell you what I'll—I'll do one way or the other, but there's a possibility I could find that your position's accurate, or I could find that the government's accurate." (*Id*.) Defendant again responded, "Yes sir, Your Honor, I understand." (*Id*.)

Defendant's statements both in his plea petition and at the plea hearing in open court contradict his current claims. "[T]he representations of the defendant [at a plea hearing] . . . constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 432 U.S. 63, 74 (1977); *see also United States v. Glass*, 66 F. App'x 808, 810 (10th Cir. 2003) ("[T]he truth and accuracy of [defendant's] statements made in court [during a plea colloquy] under oath are 'conclusive in the absence of a believable reason justifying' their rejection. *United States v. Bambulas*, 571 F.2d 525, 526 (10th Cir. 1978).") "Judges need not let litigants contradict themselves so readily; a motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction." *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005).

Defendant claims that during his plea hearing, he was only satisfied with the advice and help of his counsel based on what he knew at the time. (Doc. 121 at 4.) He claims that he only discovered the ineffective assistance later. But significantly, during four days of the sentencing hearing, defendant never raised an objection to counsel's representation or indicated that her arguments at sentencing were a surprise to him. Moreover, it is clear from the context of the plea hearing that counsel and defendant

had already discussed the potential sentencing issues, as counsel specifically identified them in that hearing. And in any event, even if counsel miscalculated the impact that the drug calculation or gun enhancement might have on defendant's sentence, a miscalculation is not ineffective assistance. *See*, *e.g., United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993) ("A miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel."); *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992) (holding that it was not an abuse of discretion for a district court to deny a request withdraw a guilty plea based on a claim that defendant was unaware of a possible career offender enhancement prior to the entry of his guilty plea); *see also United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990) (holding that a guily plea was not involuntary even though the defendant was not informed prior to his plea of the applicability of a career offender enhancement).

Counsel's representation of defendant met the standard of reasonableness, and defendant's § 2255 motion does not merit an evidentiary hearing. Defendant has not identified a viable issue whether his guilty plea was voluntary and knowing, when the context and content of his prior statements show that the plea was, indeed, voluntary and knowing. The court cannot conclude that defendant's new allegations merit a hearing when viewed in comparison to his statements and actions at and after the plea hearing. In reaching this decision, the court has not considered the affidavit of Ms. Scherff; there is, therefore, no need to further consider whether to allow defendant discovery regarding the allegations in the affidavit.

### IV.     **Certificate of Appealability**

The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a defendant must show that "reasonable jurists could debate whether . . . the petition should have been

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). The court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings. For the reasons stated above, the court finds that defendant has not made a substantial showing of the denial of a constitutional right. The court declines to issue a certificate of appealability in accordance with Rule 11 as amended December 1, 2009.

**IT IS THEREFORE ORDERED** that defendant Arrick Warren's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 103) is denied.

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability in this case.

Dated this 17th day of April, 2019, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**