IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ARRICK WARREN,

    Defendant.

Case No. 13-20081-JAR

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

This matter comes before the Court on Defendant Arrick Warren's *pro se* motion requesting compassionate release pursuant to section 3582(c) of the First Step Act ("FSA") (Doc. 139). Warren requests a reduction in his sentence to time-served. For the reasons set forth below, the Court denies Warren's motion.

**I.    Background and Procedural History**

On January 24, 2014, Warren pleaded guilty to three counts of distribution of cocaine within 1,000 feet of a playground subsequent to a felony drug conviction in violation of 21 U.S.C. § 841(a), and one count of maintaining a premises for distribution of cocaine within 1,000 feet of a public playground in violation of 21 U.S.C. § 856(a)(1) before Judge Carlos Murguia.[1] On November 20, 2014, Judge Murguia sentenced Warren to four 180-month terms of imprisonment to run concurrently; four six-year terms of supervised release to concurrently; and a $400 special assessment.[2] When Warren committed these offenses, he was serving a term of

---

[1] Doc. 59.
[2] Doc. 81.

supervised release on a prior conviction in Iowa for other cocaine distribution offenses. The district court revoked Warren's supervised release and sentenced him to a 36-month term of imprisonment, to be served consecutive to Warren's 180-month sentence. Warren appealed both of his sentences, and the Tenth Circuit affirmed.[3] Warren filed a petition for writ of certiorari in the United States Supreme Court, and the petition was denied on June 6, 2016.[4]

Warren filed a motion under 28 U.S.C. § 2255 on June 8, 2017, based on allegations of ineffective assistance of counsel.[5] Judge Murguia denied that motion on April 17, 2019.[6] Then, the FPD filed a supplemental § 2255 motion on May 9, 2019.[7] Judge Murguia reopened Warren's § 2255 motion as it related to a Sixth Amendment claim.[8] Warren's supplemental § 2255 motion remains pending.

Warren is currently incarcerated at the Oklahoma City Federal Transfer Center ("FTC"). The Bureau of Prisons ("BOP") reports that 140 inmates have tested positive at that facility for COVID-19, 1185 inmates have been tested, and 93 tests are currently pending.[9] Warren is thirty-five years old, and his projected release date from the BOP is October 26, 2028.

On May 31, 2020, Warren filed a motion requesting compassionate release because of extraordinary and compelling circumstances. As a basis for his motion, Warren cites to the COVID-19 pandemic, the death of his sister, the death of his mother, his father's kidney cancer, the fact that the lead prosecutor in his case was held in contempt of court and subsequently

---

[3]Doc. 100.
[4]Doc. 102.
[5]Doc. 103.
[6]Doc. 126.
[7]Doc. 129.
[8]Doc. 136.
[9]Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last accessed Aug. 31, 2020).

removed from her position, and the investigation and resignation of the district court judge who presided over his case. He states he is at a risk because of COVID-19 by virtue of his race and presence in prison. Warren also references the numerous programs he has completed during his incarceration, as well as his lack of serious disciplinary issues as evidence of his personal rehabilitation.

Under Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act. That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic. Under that Order, the FPD shall notify the court within 15 days of any *pro se* individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination. The time to do so has expired, and the FPD has not entered an appearance or sought additional time in this case. Accordingly, Warren's motion proceeds *pro se*.[10]

## II.     Legal Standards

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'"[11] Section 3582(c) permits a court to modify a term of imprisonment for compassionate release only if certain exceptions apply. Until recently, these exceptions required the BOP to move on a defendant's behalf. In 2018, however, the First Step Act modified the compassionate

---

[10]The Court notes that the FPD is representing Warren in his pending § 2255 motion.

[11]*United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell,* 81 F.3d 945, 947 (10th Cir. 1996)).

release statute, permitting a defendant to bring his own motion for relief.[12]  But a defendant may bring a motion for compassionate release from custody only if he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. . . ."[13]  Unless a defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief.[14]

Where a defendant has satisfied the exhaustion requirement, a court may reduce the defendant's proposed sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court determines: (1) "extraordinary and compelling reasons warrant such a reduction"; or (2)  "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[15]  In addition, a court must ensure that any reduction in a defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[16]

---

[12] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[13] 18 U.S.C. § 3582(c)(1)(A).

[14] *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *see also United States v. Walker*, No. 13-10051-EFM, 2020 WL 2101369, at *2 (D. Kan. May 1, 2020) ("The administrative exhaustion requirement is jurisdictional and cannot be waived."); *see also United States v. Read-Forbes*, No. 12-20099-KHV, --- F. Supp. 3d ---, 2020 WL 1888856, at *3–4 (D. Kan. Apr. 16, 2020) (analyzing the text, context, and historical treatment of § 3582(c)'s subsections to determine the exhaustion requirement is jurisdictional).  *Cf. United States v. Younger*, No. 16-40012-DDC, 2020 WL 3429490, at *3 (D. Kan. June 23, 2020) (reasoning that, absent direct guidance from the Tenth Circuit, the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[15] 18 U.S.C. § 3582(c)(1)(A).

[16] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding the Sentencing Commission policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. The Sentencing Commission's comments to § 1B1.13 contemplate four categories of extraordinary, compelling circumstances: (1) the defendant is suffering from a terminal illness, i.e., a serious, advanced illness with an end-of-life trajectory; (2) the defendant is suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (3) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; and (4) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner.[17] A defendant requesting compassionate release bears the burden of establishing that compassionate release is warranted under the statute.[18]

### III. Discussion

#### A. Exhaustion

Warren has satisfied the exhaustion requirement described in § 3582(c). Warren requested compassionate release or home confinement under the CARES Act from the Warden at his facility on June 26, 2020.[19] Warren represents that at the time he filed the instant motion,

---

[17] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

[18] *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (finding that defendant bears the burden of demonstrating entitlement to relief under § 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) (noting that the "extraordinary and compelling" standard imposes a heavy burden on an inmate seeking compassionate release under § 3582(c)(1)(A)).

[19] Doc. 139 at 11.

he had not received any response from the Warden. Thus, because more than thirty days have passed since Warren requested compassionate release from the Warden, this Court has jurisdiction to decide his motion.[20]

### B.  Extraordinary and Compelling Circumstances

Warren cites multiple reasons that he should receive a reduction-in-sentence to time-served: the COVID-19 pandemic, family circumstances, prosecutorial misconduct, and judicial misconduct. The Court will address each of these bases in turn.

#### 1.  COVID-19 and Medical Considerations

Courts nationwide interpret the "extraordinary and compelling" standard differently. Most agree, however, that in the context of the current global pandemic, an inmate demonstrates extraordinary and compelling circumstances if he has serious underlying health conditions that place him at an increased risk of serious illness or death from COVID-19 while incarcerated.[21] "The DOJ recently adopted the position that an inmate who presents with one of the risk factors identified by the [Centers for Disease Control and Prevention] ("CDC") should be considered as having an 'extraordinary and compelling reason' warranting a sentence reduction."[22]

Here, Warren fails to identify what, if any, underlying health conditions he suffers from that may render him uniquely susceptible to severe complications if he contracts COVID-19.

---

[20] *See United States v. Boyles*, No. 18-20092-JAR, 2020 WL 1819887, at *2 (D. Kan. Apr. 10, 2020) (holding that if a criminal defendant fails to meet the First Step Act's exhaustion requirement, the Court lacks jurisdiction over the motion).

[21] *See, e.g.*, *United States v. Lavy*, No. 17-20033-JAR, 2020 WL 3218110 (D. Kan. June 15, 2020) (granting compassionate release based in part on COVID-19 where the defendant was at risk due to his age, hypertension, bipolar disorder, and major depressive disorder); *United States v. Delgado*, No. 3:18-cr-17, 2020 WL 2464685, at *3 (D. Conn. Apr. 30, 2020) ("Since the outbreak of the COVID-19 pandemic, numerous courts . . . have held that a defendant's pre-existing health conditions . . . in combination with the increased risks of COVID-19 in prisons constitute 'extraordinary and compelling reasons' warranting relief") (collecting cases).

[22] *See, e.g., United States v. Martin*, No. DKC 04-0235-5, 2020 WL 3447760, at *2 (D. Md. June 24, 2020); *see also* U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(A)(ii)(I) (U.S. Sentencing Comm'n 2018).

Generalized concerns about COVID-19, even when the virus has spread within a correctional facility, do not create the type of extraordinary and compelling circumstances sufficient to justify compassionate release.[23]  Accordingly, because Warren does not make any individualized showing about his vulnerability, he has not met his burden to demonstrate extraordinary, compelling circumstances warranting compassionate release.

### 2. Family Circumstances

One of the four enumerated categories of "extraordinary and compelling" reasons is "the defendant's family circumstances."[24]  The sole two reasons listed under that heading are "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" and "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."[25]  Here, Defendant states that his sister and mother have passed away during his term of imprisonment, and that his father has developed kidney cancer.

The Court expresses its sincere condolences to Warren and his family for these losses, and for his father's diagnosis.  These events, however, are not the sort of "family circumstances" that the Sentencing Commission considers "extraordinary and compelling" warranting compassionate release.  Warren has not alleged that his minor child is or will be without a caregiver as a result of these events, nor that his spouse or registered partner requires Warren to

---

[23]*United States v. Seymon*, No. 11-CR-10040-JES, 2020 WL 2468762, at *4 (C.D. Ill. May 13, 2020) ("The Court does not seek to minimize the risks that COVID-19 poses to inmates in the BOP," however, "the mere presence of COVID-19 in a particular prison cannot justify compassionate release – if it could, every inmate in that prison could obtain release.").

[24]U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(C)(i)-(ii).

[25]*Id.*

serve as a caregiver. Accordingly, Warren's family circumstances do not constitute extraordinary, compelling reasons for a reduction-in-sentence.

### 3. Prosecutorial Issues

Warren next argues for a reduction-in-sentence based on prosecutorial misconduct and acknowledges that he has a pending § 2255 motion on the same grounds.[26] Federal "prisoners challenging the validity of their convictions or sentences may seek and win relief only under the pathways prescribed by § 2255."[27] Here, Warren's arguments regarding prosecutorial misconduct challenge the validity of his conviction or sentence, as evidenced by the fact that Warren raises this same argument in his pending § 2255 motion.[28] Thus, the Court concludes that Warren's § 3582 motion is not the appropriate avenue to address this contention, and Warren's prosecutorial misconduct claim will be addressed when the Court adjudicates his § 2255 motion.

### 4. Judicial Issues

The final basis on which Warren seeks § 3582 relief relates to his sentencing judge, Carlos Murguia. He claims that because Judge Murguia was investigated for misconduct, the proceedings and sentencing in his case were "unethical and unjust."[29] Like his prosecutorial misconduct claim, a judicial misconduct claim is not properly before the Court on a § 3582 motion.

Accordingly, Warren has not demonstrated that extraordinary, compelling circumstances exist warranting the reduction-in-sentence that he seeks. Finally, because Warren does not

---

[26]*See* Doc. 129. As noted above, Defendant has counsel for his § 2255 motion.

[27]*Prost v. Anderson*, 636 F.3d 578, 586 (10th Cir. 2011).

[28]Doc. 129.

[29]Doc. 139 at 2.

establish extraordinary and compelling circumstances, the Court does not reach the issue of whether a reduction-in-sentence comports with the § 3553(a) sentencing factors.

**IT IS THEREFORE ORDERED BY THE COURT** that Warren's Motion for Compassionate Release (Doc. 139) is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 3, 2020

                                                  S/ Julie A. Robinson
                                                  JULIE A. ROBINSON
                                                  CHIEF UNITED STATES DISTRICT JUDGE