IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 13-20081-01-JAR |
| ARRICK WARREN, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Arrick Warren's *pro* se Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 143). The motion is fully briefed, and the Court is prepared to rule. For the following reasons, the Court denies Warren's motion.

**I.   Background**

On January 24, 2014, Warren appeared before Judge Carlos Murguia and pleaded guilty to three counts of distribution of cocaine within 1,000 feet of a public playground subsequent to a felony drug conviction, in violation of 21 U.S.C. §§ 841(a) and 860(a), and one count of maintaining a premises for distribution of cocaine within 1,000 feet of a public playground, in violation of 21 U.S.C. § 856(a)(1).[1] On November 20, 2014, Judge Murguia sentenced Warren to four 180-month terms of imprisonment, to run concurrently; four six-year terms of supervised release, to run concurrently; and a $400 special assessment.[2] When Warren committed these offenses, he was serving a term of supervised release on a prior conviction in Iowa for other

---

[1] Doc. 59.
[2] Doc. 81.

cocaine distribution offenses. The court revoked Warren's supervised release and sentenced him to a 36-month term of imprisonment, to be served consecutively to his 180-month sentence. Warren appealed both sentences, and the Tenth Circuit affirmed.[3] Warren filed a petition for writ of certiorari in the United States Supreme Court, which was denied on June 6, 2016.[4]

On May 31, 2020, Warren filed his first *pro se* motion requesting compassionate release.[5] Warren cited the COVID-19 pandemic, the death of his mother and his sister, his father's kidney cancer, prosecutorial misconduct, judicial misconduct, and rehabilitation efforts as extraordinary and compelling reasons warranting his release.[6] This Court denied his motion due to his inability to establish extraordinary and compelling reasons.[7]

On February 28, 2022, Warren filed a second *pro se* motion requesting compassionate release, citing the COVID-19 pandemic, his efforts at rehabilitation, prosecutorial misconduct, judicial misconduct, and an incorrect Presentence Investigation Report ("PSIR") as extraordinary and compelling reasons warranting his release.[8] He contends that he is at an increased risk of becoming seriously ill if he contracts COVID-19 due to his obesity, proposes a sentence reduction to time served, and proposes a release plan to live with a sister in Shawnee, Kansas and find work driving trucks.

---

[3] Doc. 100.

[4] Doc. 102.

[5] Doc. 139. This case was reassigned to the undersigned on February 21, 2020. Doc. 138.

[6] *Id.* at 1–3.

[7] Doc. 142 at 8–9.

[8] Docs. 143, 143-1.

Warren is currently incarcerated at FCI Estill in South Carolina. The Bureau of Prisons ("BOP") presently reports there are no active inmate cases and one active staff case.[9] Warren is 37 years old, and his projected release date is October 26, 2028.

Under Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act. That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic. Under that Order, the FPD shall notify the court within 15 days of any pro se individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination. The time to do so has expired, and the FPD has not entered an appearance or sought additional time in this case. Accordingly, Warren proceeds *pro se* on this motion and also proceeded *pro se* on his previous motion.[10]

## II.   Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions."[11] "One such exception is contained in [18 U.S.C.] § 3582(c)(1)."[12] Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[13] permits a court to reduce a term of imprisonment "upon motion

---

[9] *COVID-19 Coronavirus:COVID-19 Cases*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited July 13, 2022).

[10] The Court notes that the FPD represents Warren on his pending motion pursuant to 28 U.S.C. § 2255.

[11] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[12] *Id.*

[13] Pub. L. No. 115-391, 132 Stat. 5194.

of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Before reducing a term of imprisonment, a court must find that (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[14]  The court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[15]

## III.  Discussion

### A.   Exhaustion

Section 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule that the government may waive or forfeit.[16]  Here, the government does not contest that Warren has met the exhaustion requirement.  The Court thus considers this argument waived and proceeds to the merits.

### B.   Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) requires a district court to find that "extraordinary and compelling reasons warrant a sentence reduction" before it may grant a § 3582(c)(1)(A) motion.  The court has "the authority to determine for [itself] what constitutes 'extraordinary and compelling reasons.'"[17]  While that authority "is bounded by the requirement . . . that a reduction in sentence

---

[14] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[15] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[16] *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[17] *Maumau*, 993 F.3d at 832.

be consistent with applicable policy statements issued by the Sentencing Commission," the Sentencing Commission has not yet issued a policy statement "applicable" to § 3582(c)(1)(A) motions filed by a defendant.[18] Thus, § 3582(c)(1)(A)'s consistency requirement does not currently constrain the court's discretion to consider whether extraordinary and compelling reasons warrant a sentence reduction.[19]

### 1. COVID-19 and Medical Considerations

Warren asserts that he has established an extraordinary and compelling reason for a sentence reduction because his obesity increases his risk for severe illness should he contract COVID-19 in prison. Warren's medical records confirm that he is obese.[20] The Centers for Disease Control and Prevention ("CDC") has identified obesity as an underlying medical condition that "can make you more likely to get very sick from COVID-19."[21]

The Court finds, however, that Warren's vaccination status mitigates his risk such that his medical condition does not present an extraordinary and compelling reason for a sentence reduction. Warren has been fully vaccinated against COVID-19.[22] And at only 37 years old, Warren is in an age group with a relatively lower risk of severe illness and death from COVID-19 than that faced by older adults.[23] The CDC has explained that mRNA COVID-19 vaccines

---

[18] *Id.* at 832, 836–37.

[19] *Id.* at 837.

[20] Doc. 143-1 at 37.

[21] *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 2, 2022).

[22] Doc. 143 at 4.

[23] *See COVID-19: Hospitalization and Death By Age*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-discovery/hospitalization-death-by-age.html (last updated June 27, 2022); *see also, e.g.*, *United States v. Mena*, No. 16-850-ER, 2021 WL 2562442, at *2-*3 (S.D.N.Y. June 23, 2021) (finding no extraordinary and compelling reasons for release under § 3582(c)(1)(A) based on the defendant being a former smoker because she was only 28 years old, there were only three confirmed positive cases among inmates at her facility, and she was fully vaccinated against COVID-19).

"reduce the risk of COVID-19, including the risk of severe illness and death among people who are fully vaccinated."[24]  The information available to the Court shows that Warren is inoculated with a vaccination that is highly effective at preventing severe cases of COVID-19.[25]  The Tenth Circuit recently held in an unpublished opinion that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."[26]  And several district courts in the Tenth Circuit, including the District of Kansas, have followed this direction from the Circuit.[27]

Given Warren's age, vaccination status, and the low number of COVID-19 cases at his facility, the Court concludes that his medical condition and the possibility of a COVID-19 infection do not amount to extraordinary and compelling reasons for a sentence reduction under § 3582(c)(1)(A).

### 2. Rehabilitation

As to Warren's rehabilitation, while the Court commends him on his efforts, it is well settled that rehabilitation alone is not an extraordinary and compelling reason for compassionate release.[28]

---

[24] *COVID-19 Vaccines Work*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last updated June 28, 2022).

[25] *See United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order."); *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (same).

[26] *United States v. McRae*, No. 21-4092, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022) (quoting *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021)); *see also United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order.").

[27] *See United States v. Patton*, No. 16-40113-01-DDC, 2022 WL 2134197, at *5 (D. Kan. June 14, 2022) (collecting cases).

[28] *United States v. Mata-Soto*, 861 F. App'x 251, 255 (10th Cir. 2021); see also 28 U.S.C. § 994(t) ("Rehabilitation . . . alone shall not be considered an extraordinary and compelling reason.").

### 3. Prosecutorial Misconduct and Judicial Misconduct

The Court previously concluded that Warren's § 3582(c)(1)(A) motion is not the appropriate avenue to address this contention, and Warren's prosecutorial and judicial misconduct claim will be addressed when the Court adjudicates his § 2255 motion.[29] The Court incorporates that finding by reference herein and denies Warren's present motion on these grounds.

### 4. Amendment to PSIR

Finally, Warren claims that a conviction listed in the criminal history of his PSIR for fleeing the scene of a crime and nearly striking two officers has labeled him a violent offender and therefore ineligible for residential reentry center placement. Warren requests the Court to remove that paragraph from the PSIR or "make a ruling that states BOP can[']t use mere accusations to make me have a violent history."[30]

For anything other than a "clerical error" within the meaning of Fed. R. Crim. P. 36, challenges to or requests to amend a PSIR more than fourteen days after imposition of the sentence must be based on statutes or rules giving the district court jurisdiction to consider the challenge.[31] As this Court noted in its previous order denying Warren compassionate release, prisoners challenging the validity of their convictions or sentences may seek relief only under 28 U.S.C. § 2255.[32] To the extent Warren's argument is related to the validity of his sentence, § 3582(c)(1)(A) is not the appropriate mechanism to address this claim. Likewise,

---

[29] Doc. 142 at 8.

[30] Doc. 143-1 at 1.

[31] *See United States v. Frykes*, 733 F. App'x 950, 952 (10th Cir. 2018) (citing *United States v. Warner*, 23 F.3d 287 (10th Cir. 1994)) (holding district court lacked jurisdiction under Fed. R. Crim. P. 32 to resolve on the merits a post-sentencing motion to amend the PSIR); *United States v. Arney*, No. 12-20003-07-JWL, 2022 WL 1566118, at *1 (D. Kan. May 18, 2022) (same).

[32] Doc. 142 at 8.

§ 3582(c)(1)(A) provides no relief if he is arguing that the BOP wrongly or inappropriately labeled him a violent offender.  Because Warren has not identified any basis for the Court's authority to make a substantive modification to the PSIR, the Court does not consider any alleged mistake in the PSIR as grounds for compassionate release.

Accordingly, the Court denies Warren's motion on the ground that he fails to establish extraordinary and compelling reasons warranting his release.

### C. Section 3553(a) Factors

Even if Warren had presented an extraordinary and compelling reason for compassionate release, the factors set forth in § 3553(a) do not warrant a reduction in his sentence.[33]  Those factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"; (4) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"; and (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[34]  The Court considers the § 3553(a) factors in light of post-sentencing developments.[35]

---

[33] *See United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021) ("[Section] 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, [a sentence] reduction . . . is warranted in whole or in part under the particular circumstances of the case." (second and third alterations in original) (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020))).

[34] 18 U.S.C. § 3553(a).

[35] *See United States v. Kibble*, 992 F.3d 326, 335 (4th Cir. 2021) (per curiam) (Gregory, C.J., concurring) ("[A] district court may [not] fulfill its duty to reconsider the § 3553(a) factors by merely recounting the considerations that supported the original sentence.  Section 3582(c)(1) necessarily envisions that the § 3553(a) factors may balance differently upon a motion for compassionate release than they did at the initial sentencing."); *cf. Pepper v. United States*, 562 U.S. 476, 491 (2011) (stating that evidence of post-sentencing conduct "may be highly relevant" under § 3553(a)); *Concepcion v. United States*, 142 S. Ct. 2389, 2022 WL 2295029, at *4 (U.S. June 27, 2022) ("[A] district court adjudicating a motion under the First Step Act may consider other intervening changes of

While the Court takes all seven § 3553 factors into account, those most pertinent to Warren's case are the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, the need to provide adequate deterrence, and the need to promote respect for the law. In consideration of these factors, the Court concludes that releasing Warren now would not leave him with a sentence that is "sufficient, but not greater than necessary."

Based on his projected release date of October 26, 2028, Warren has about 75 months of his 180-month term of imprisonment left to serve. While the Court recognizes the hardship that the COVID-19 pandemic has imposed on inmates, particularly those with underlying medical conditions, releasing Warren at this relatively early stage would not reflect the seriousness of his offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public. Indeed, Warren's crimes were serious: he was convicted of distribution of cocaine within 1,000 feet of a public playground and maintaining a residence for the unlawful distribution of narcotics within 1,000 feet of a public playground, while on supervised release from the United States District Court for the District of Iowa. A .45 caliber handgun was recovered during execution of the search warrant, during which investigators recovered 21.5 grams of crack cocaine and 407 grams of crack powder. Moreover, Warren has not shown that the sentence originally imposed by this Court is no longer sound under § 3553(a).

Reducing Warren's sentence to time served would not reflect the seriousness of his criminal conduct or his criminal history. Nor would it provide adequate deterrence or otherwise promote respect for the law. The Court finds that the 180-month sentence originally imposed

---

law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion.").

remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense involved. Accordingly, the Court denies Warren's motion because he fails to show extraordinary and compelling reasons warranting a sentence reduction, and the § 3553(a) factors do not support one either.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendant Arrick Warren's Motion for Sentence Reduction (Doc. 143) is **denied**.

**IT IS SO ORDERED.**

Dated: July 15, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
